## W. J. AZLIN *v.* W. S. LAKE.

DEBT ON BOND. *Breach of condition. Wrongful issuance of attachment.*
A declaration in debt on a bond conditioned to pay such damages as
the defendant in attachment shall sustain by its wrongful issuance
must aver that the attachment was wrongfully sued out.

ERROR to the Circuit Court of Grenada County.

Hon. SAM POWEL, Judge.

The demurrer of the defendant in error was sustained to the declaration of the plaintiff in error, which was in debt on a bond for attachment, sued out by Miller & Justi against the latter, with the former as surety. The breach assigned was that L. A. Azlin claimed the goods levied on, and subsequently it was adjudged by the court that the goods be discharged from the levy, the attachment dismissed, and the defendant " go hence without a day," and that Miller & Justi have not prosecuted their attachment with effect, or paid the plaintiff in error the damages sustained by reason of its wrongful issuance.

*A. H. Whitfield*, for the plaintiff in error.

The breach of the condition of the bond is sufficiently averred. Miller & Justi have failed to prosecute their writ with effect, and are bound for such damages as the levy occasioned. *Holcomb* v. *Foxworth*, 34 Miss. 265.

*J. M. Ellis*, for the defendant in error.

The declaration must aver that the attachment was wrongfully sued out. Drake on Attachment, § 167. It is insufficient to negative the language of the condition of the bond. *Baggett* v. *Beard*, 43 Miss. 120; *Butler* v. *Alcus*, 51 Miss. 47.

CAMPBELL, J., delivered the opinion of the court.

The bond is conditioned to pay such damages as the defendant in attachment should sustain by reason of the wrongful suing out of the attachment. The declaration does not aver that the attachment was wrongfully sued out. This is a necessary averment. The discharge of the goods claimed by a third person from the levy of the attachment and the dismissal of the attachment consist with the rightfulness of its issuance. The wrongfulness of its issuance should have been averred.                                    *Judgment affirmed.*